UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 16-80079-CIV-ROSENBERG/HOPKINS

GREENFLIGHT VENTURE CORPORATION,

        Plaintiff,

v.

WHITEPAGES, INC.,
TRUE SOFTWARE SCANDINAVIA A.B.,
and ALEX ALGARD,

        Defendants.

**DEFENDANTS WHITEPAGES, INC. AND ALEX ALGARD'S MOTION TO DISMISS OR TRANSFER VENUE FOR LACK OF PERSONAL JURISDICTION, IMPROPER VENUE, AND PURSUANT TO THE FIRST-TO-FILE RULE AND INCORPORATED MEMORANDUM IN SUPPORT OF MOTION**

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(3) and 28 U.S.C. § 1400(b),[1] Defendants Whitepages, Inc. ("Whitepages") and Alex Algard (together, "Whitepages Defendants"), by and through its undersigned counsel, move to dismiss Plaintiff Greenflight Venture Corporation's ("Greenflight") Complaint for lack of personal jurisdiction and improper venue, or in the alternative, to transfer venue to the District Court for the Northern

---

[1] As addressed below, the Whitepages Defendants believe that 28 U.S.C. § 1391 is no longer applicable to patent infringement cases. But to the extent that it is found to apply, the Whitepages Defendants move pursuant to § 1391 as well.

1

District of California where a first-filed action regarding the same patent is pending.[2]  In support of their motion, the Whitepages Defendants state as follows:

## I.        INTRODUCTION

The Court should dismiss Greenflight's Complaint against the Whitepages Defendants for lack of personal jurisdiction.  Whitepages is a corporation organized under the laws of Delaware and located in Washington, and Mr. Algard is an individual residing in Washington.  Neither Whitepages nor Mr. Algard maintain significant contacts with Florida, much less the continuous and systematic contacts necessary to establish general jurisdiction.  Indeed, the only contacts identified by plaintiff are Whitepages' website and apps distributed worldwide through Apple's iTunes store.  The Supreme Court has made clear that general jurisdiction requires a much closer relationship with the forum.  Nor are such contacts, which are not specifically directed toward Florida, sufficient to establish specific jurisdiction.  This Court therefore lacks personal jurisdiction over the Whitepages Defendants.

Venue is this District is also improper.  Venue under 28 U.S.C. § 1400(b) is lacking because the Whitepages Defendants reside elsewhere, have not committed acts of infringement in Florida, and lack a regular and established place of business in Florida.  Venue under § 1391, if it applies, has been construed to be coextensive with personal jurisdiction, and therefore venue under § 1391 fails for the same reason as noted for the jurisdiction defects.

In addition, this action should be transferred to the Northern District of California under the first-to-file rule.  Greenflight filed this action accusing the Whitepages Defendants of infringing U.S. Patent No. 8,861,698 ("the '698 patent") on January 14, 2016—three days *after*

---

[2] In violation of 35 U.S.C. § 299, plaintiff has joined an unrelated party, True Software Scandinavia A.B., in this action. Counsel for the Whitepages Defendants has raised this issue with counsel for Greenflight and hopes that Greenflight will correct this violation without the need to burden the Court with additional motion practice.

2

Whitepages filed a declaratory judgment action in the Northern District of California against Greenflight and its CEO, Jeffrey Isaacs, seeking a ruling of non-infringement of the same patent. The present action, therefore, is duplicative of the first-filed action in California and should be transferred to that district.

Given the various defects with Plaintiff Greenflight's complaint, the Whitepages Defendants respectfully request that this action be dismissed or transferred to the Northern District of California.

## II.     BACKGROUND

### A.     The Parties

Whitepages is a Delaware corporation with its principal place of business located at 1301 Fifth Avenue, Suite 1600, Seattle, Washington. *See* Declaration of Alex Algard in Support of Defendants Whitepages, Inc. and Alex Algard's Motion to Dismiss or Transfer for Lack of Personal Jurisdiction, Improper Venue, and Pursuant to the First-to-File Rule ("Algard Decl.") ¶ 2. Mr. Algard is an individual residing in Washington state. *Id.* ¶ 12.

Greenflight is a Florida corporation that alleges to have headquarters in West Palm Beach, Florida. *Id.* ¶ 1. That allegation appears to be false. The address listed as Greenflight's business address is a private residence. *See* Declaration of Bryan A. Kohm in Support of Defendants Whitepages, Inc. and Alex Algard's Motion to Dismiss or Transfer Venue for Lack of Personal Jurisdiction, Improper Venue, and Pursuant to the First-to-File Rule ("Kohm Decl.") ¶ 8, Ex. 7. When Whitepages attempted to serve Greenflight's designated agent with the complaint and summons in the first-filed case pending in California, the person residing at the private residence stated that the agent had not resided there in years. *Id.* ¶ 9, Ex. 8 (service attempt); *id.* ¶ 6, Ex. 5 (Greenflight 2015 Annual Report identifying registered agent name and address). Greenflight recently also changed the address for its registered agent from West Palm

Beach to a location outside of the United States—specifically, St. Martin, France. *Id.* ¶¶ 6–7, Exs. 5–6.

### B. Whitepages' First-Filed Suit in California

Ianina Petrea, purportedly the president of Greenflight, sent correspondence to Apple Inc. on August 22, 2015, falsely alleging that the Whitepages ID application infringes the '698 patent and demanding that Apple remove the Whitepages ID app from Apple's App Store. *See* Kohm Decl. ¶ 2, Ex. 1. Ms. Petrea followed with an email on August 28, 2015 reiterating the allegations and demands, and adding allegations regarding additional "privacy control" intellectual property rights. *Id.* ¶ 3, Ex. 2.

Through numerous communications with Jeffrey Isaacs, it was revealed (i) that Ms. Petrea, Mr. Isaacs and Greenflight failed to perform even a basic investigation underlying their infringement allegations, (ii) that Ms. Petrea, Mr. Isaacs and Greenflight lacked a reasonable basis to assert infringement at least because, in addition to the inadequate investigation, the infringement position was based on improperly disregarding claim limitations, and (iii) that Greenflight did not possess any "privacy control" IP rights that it claimed Whitepages was infringing. Kohm Decl. ¶ 5, Ex. 4. Given Ms. Petrea, Mr. Isaacs and Greenflight's unlawful conduct, on January 11, 2016, Whitepages filed suit in the United States District Court for the Northern District of California (the "California Action") against Greenflight, Mr. Isaacs, and Ms. Petrea requesting declaratory judgment of non-infringement of the '698 patent, as well as asserting trade libel, libel, and unfair competition claims. *See* Kohm Decl. ¶ 4, Ex. 3.

Greenflight filed the present suit against Whitepages, Mr. Algard, and the unrelated Swedish corporation True Software Scandinavia AB on January 14, 2016, alleging that the Whitepages Defendants infringe the '698 patent "by making, having made, importing, using, offering for sale, and/or selling the 'ID by WhitePages' app and by performing, implementing,

4

and carrying out, processes and methods with respect to the 'ID by Whitepages' app."[3]  Dkt. 1 ¶ 25.

        C.        **Greenflight's Allegations Relevant to Personal Jurisdiction and Venue**

Greenflight's Complaint alleges that this Court has personal jurisdiction over the Whitepages Defendants because they have "substantial and continuous contacts" with Florida and "continuously and systematically" conduct business in Florida. Dkt. 1 ¶ 7. Greenflight offers the following support for this allegation: the Whitepages Defendants "conduct[] business online" and "commit[] acts of patent infringement through their "ID By Whitepages" . . . app[] on the Apple iTunes store." *Id.* Greenflight further alleges that the Whitepages Defendants "own and operate a website under the domain name whitepages.com and an app on the Apple iTunes store called "Whitepages Pro," and have "conducted business continuously and systematically in the State of Florida on their whitepages.com website and on their 'Whitepages Pro' app." *Id.* Greenflight also alleges that Mr. Algard has made statements on national television regarding the accused product, the Whitepages ID app. *Id.* ¶¶ 14, 19.

        D.        **The Whitepages Defendants' Limited Contacts with Florida**

Whitepages is a Delaware corporation with its principal place of business located at 1301 Fifth Avenue, Suite 1600, Seattle, Washington.  Algard Decl., ¶ 2.  Whitepages does not have a regular and established place of business in Florida.  *Id.* ¶¶ 3–4.  Whitepages does not have any real property located in Florida.  *Id.* ¶ 5.  Nor does it lease any real property located in Florida.  *Id.* ¶ 6.  Whitepages does not have a bank account located in Florida.  *Id.* ¶ 7.  Whitepages has no officers or directors in Florida.  *Id.* ¶ 8.  Whitepages has a single employee that lives in Florida, whose job does not relate to the accused application or services.  *Id.* ¶ 9.  Whitepages

---

[3] Whitepages will assume that by "ID by Whitepages," Greenflight is referring to the "Whitepages ID" app.

does not specifically direct its marketing of the accused Whitepages ID app to Florida residents. *Id.* ¶¶ 10–11.

Mr. Algard is an individual residing in Washington state. Algard Decl. ¶ 12. Mr. Algard does not own property in Florida, and is the CEO of Whitepages. *Id.* ¶¶ 1, 13.

### III.  ARGUMENT

Three independent grounds exist for dismissing or transferring this action to the Northern District of California. Given the limited contacts and presence of the Whitepages Defendants both in Florida and this District, jurisdiction and venue are lacking as to them. In addition, given the presence of a first-filed action in the Northern District of California, this action should be transferred to that district.

#### A.  The Court Should Dismiss Greenflight's Complaint Against Whitepages and Mr. Algard for Lack of Personal Jurisdiction

Whether or not a court has personal jurisdiction for claims of patent infringement is governed by Federal Circuit law. *See Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003). Courts analyze personal jurisdiction by asking whether the state's long-arm statute authorizes the exercise of personal jurisdiction over a nonresident defendant, and whether that exercise is permitted under the Due Process Clause. *See id*. As detailed below, Whitepages and Mr. Algard's contacts with Florida fall far short of the contacts necessary for the exercise of general and specific jurisdiction.

##### 1.  The Court Lacks General Jurisdiction Over the Whitepages Defendants

The Whitepages Defendants' limited contacts with Florida preclude the exercise of general jurisdiction. General jurisdiction under Florida's long-arm statute is coextensive with the limits on personal jurisdiction under the Due Process Clause. *Fraser v. Smith*, 594 F.3d 842,

846 (11th Cir. 2010).  Under principles of due process, individuals are subject to general jurisdiction only in the forum of the individual's domicile.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011).  For general jurisdiction over a corporate defendant to be appropriate under the Due Process Clause, a defendant must have contacts so "continuous and systematic" with the forum state "as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear*, 131 S. Ct. at 2851).  Absent exceptional circumstances, a corporation is not "at home" in a state other than its formal place of incorporation or principal place of business.  *Id.* at 761 n.19.   General jurisdiction requires that the nonresident corporation be "comparable to a domestic enterprise in that State." *Id.* at 758 n.11.

The Whitepages Defendants' contacts with Florida fall far short of satisfying the requirements for general jurisdiction.  Mr. Algard is domiciled in Washington, not Florida.  Algard Decl., ¶ 12.  This Court thus lacks general jurisdiction over him.  *See Goodyear*, 131 S. Ct. at 2853.  Whitepages, in turn, is a corporation organized under the laws of Delaware, with a principal place of business in Washington.  Algard Decl. ¶ 2.  It does not hold property or bank accounts in Florida.  *Id.* ¶¶ 5–7.  No directors or officers of Whitepages live in Florida.  *Id.* ¶ 8.  It has a single employee who lives in Florida, but does not have any offices or other facilities in Florida.  *Id.* ¶¶ 3-4, 9.  Having a sole employee located in Florida does not raise Whitepages' contacts with the state to a level so "continuous and systematic" so as to make it "at home" in Florida.  *See Daimler*, 134 S. Ct. at 756 & n.8 (commenting that *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437 (1952), where exercise of general jurisdiction over a corporation whose president lived in and directed the corporation's activities from the forum

state as a temporary principal place of business did not offend the principles of due process, "should be regarded as a decision on its exceptional facts" (citation omitted)).

In the Complaint, Greenflight wrongly suggests that Whitepages' website and its offering of two smartphone apps on the "Apple iTunes store" is sufficient to create general jurisdiction over Whitepages. Dkt. 1 ¶ 7. This Court has squarely rejected the position that such online activities establish general jurisdiction: "The maintenance of a webpage that is not specifically directed at the customers of the state where plaintiff seeks jurisdiction cannot give rise to general jurisdiction." *Roblor Mktg. Grp., Inc. v. GPS Indus, Inc.*, 645 F. Supp. 2d 1130, 1157 (S.D. Fla. 2009).

Given their limited contacts with Florida, the Court lacks general jurisdiction over the Whitepages Defendants.

### 2. The Court Lacks Specific Jurisdiction over the Whitepages Defendants

The Whitepages Defendants have neither conducted business in Florida relating to Greenflight's claim of infringement nor committed acts of infringement here. Specific jurisdiction is therefore lacking over the Whitepages Defendants.

The Florida long-arm statute establishes limited circumstances in which a court has specific jurisdiction over a nonresident defendant. For example, specific jurisdiction for a claim may arise from "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state," or from "[c]ommitting a tortious act within this state."[4] Fla. Stat. § 48.193(1)(a)1-2. For specific jurisdiction to comply with the Due Process Clause, the defendant must purposefully direct its relevant actions towards the

---

[4] The Whitepages Defendants do not believe any other provision of Florida's long-arm statute applies, but they reserve the right to address other provisions if raised by Greenflight.

8

forum state. *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 112 (1987). The Federal Circuit has explained that specific jurisdiction is proper where "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006).

Neither the Florida long-arm statute nor the Due Process Clause permit the exercise of specific jurisdiction over the Whitepages Defendants. They maintain no offices or other facilities in Florida. Algard Decl. ¶¶ 3–4. Moreover, the single employee located in Florida performs work related to whitepages.com, not the accused app. *Id.* ¶ 12; Dkt. 1 ¶ 25. Accordingly, Greenflight's claim for infringement against the Whitepages Defendants has no nexus with, and did not arise from, any business conducted in Florida, or from having an office or agency in Florida. *See Damoth v. Reinitz*, 485 So. 2d 881, 883 (Fla. 2d DCA 1986) (requiring a "nexus" or "substantial connection" between the Florida activity and the basis for the cause of action). Specific jurisdiction is thus not proper under Section (a)1 of Florida's long-arm statute. Fla. Stat. § 48.193(1)(a)1.

Similarly, specific jurisdiction is not proper under Section (a)2 of Florida's long-arm statute or the Due Process Clause because the Whitepages Defendants have not committed acts of infringement here. Fla. Stat. § 48.193(1)(a)2; *See Breckenridge Pharm.*, 444 F.3d at 1363. Greenflight alleges that the Whitepages Defendants commit the tort of infringement "by making, having made, importing, using, offering for sale, and/or selling the 'ID by WhitePages' app and by performing, implementing, and carrying out, processes and methods with respect to the 'ID by Whitepages' app." Dkt. 1 ¶ 25. But Greenflight notably fails to allege, and could not allege,

9

that Whitepages or Mr. Algard did so *in Florida*. *Id.* As addressed above, any contacts with Florida relate to the whitepages.com website, not the accused Whitepages ID app.

Nor does the availability of the Whitepages ID app create personal jurisdiction over Whitepages in Florida. Whitepages ID is a software application for mobile phones, such as the iPhone and Android devices. Algard Decl. ¶ 9. Whitepages offers Whitepages ID for free online through the Apple iTunes store and Google Play. *Id.* But the iTunes store and Google Play are third-party online stores available to the world at large. Whitepages does not sell the Whitepages ID app on its website. *Id.* The Whitepages Defendants neither market nor advertise the Whitepages ID app specifically to Florida residents. *See id.* ¶ 10. Rather, the Whitepages ID app is equally available to any person who chooses to go online and access its website or the Apple or Google app stores, no matter in what forum that person is located. Because the Whitepages Defendants do not specifically target Florida residents, these contacts cannot support specific jurisdiction. *See Trintec Indus. v. Pedre Promotional Prods.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005) (operating an interactive website advertising a company's products, when that website "is not directed at customers in the [forum state], but instead is available to all customers throughout the country who have access to the Internet" does not show that the company purposefully directed its activities at that forum state); *see Louis Vuitton Malletier SA v. Mosseri*, 736 F.3d 1339, 1357-58 (11th Cir. 2011) (concluding that "the mere operation of an interactive website alone" was insufficient to "give[] rise to purposeful availment anywhere the website can be accessed"); *Kindig It Design, Inc. v. Creative Controls, Inc.*, No. 2:14-cv-00867, 2016 U.S. Dist. LEXIS 6712, at *18 (D. Utah Jan. 20, 2016) (finding no personal jurisdiction, noting that although "the internet allows individuals and businesses to create a presence that is visible throughout the United States and the world . . . , one cannot purposefully avail oneself of 'some

10

forum someplace'" (internal quotation marks omitted)); *Intercarrier Commc'ns LLC v. WhatsApp, Inc.*, No. 3:12-cv-766, 2013 U.S. Dist. LEXIS 131318, at *11-12 (E.D. Va. Sept. 13, 2013) (stating that a company does not consciously or deliberately target a forum "if a user unilaterally downloads or uses its software within that forum"; noting that "every district in the United States" would have jurisdiction if that was so); *cf. Fober v. Mako Prods., Inc.*, 686 F.3d 1335, 1347 (Fed. Cir. 2012) (no personal jurisdiction where defendant advertised in a nationally distributed publication and there was no evidence defendant targeted the market in the forum state, as defendant "did not purposefully avail itself of the privileges of conducting activities" within the forum state).

As discussed in *Louis Vuitton Malletier*, some courts employ what is referred to as the *Zippo* sliding scale framework, which analyzes the level of interaction of the website. *Louis Vuitton Malletier*, 736 F.3d at 1355 n.10 (recognizing "the existence of the sliding-scale test for Internet cases first articulated in *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997)").[5]  The majority of courts, however, including this Court, reject that approach. *See Roblor*, 645 F. Supp. 2d at 1150-54 (compiling internet-based jurisdiction analyses from across circuits; finding the *Zippo* sliding scale not determinative of personal jurisdiction); see *Kindig It Design*, No. 2:14-cv-00867, 2016 U.S. Dist. LEXIS 6712, at *9-10 (rejecting the sliding scale framework of *Zippo*, noting that it "has never been adopted by the Federal Circuit").  Indeed, this Court has unequivocally held that specific jurisdiction over a patent infringement defendant is not created by the existence of a website without activity

---

[5] Under the *Zippo* sliding scale framework, a "passive" website does not create jurisdiction, while jurisdiction is proper based on an "active" website wherein the defendant "enters into contracts with residents of [the forum state] that involve the knowing and repeated transmission of computer files over the Internet," and "interactive" websites exist in the middle ground. *Zippo*, 952 F. Supp. at 1124.

11

purposefully directed at Florida: "We agree that 'the fact that the website of a company that sells products in Florida can be reached via a link on [defendant's] website is too narrow a thread on which to find a meaningful 'contact' for the purposes of due process." *Roblor*, 645 F. Supp. 2d at 1154-55 (quoting *Dynatech Corp. v. Leonard Fitness, Inc.*, 523 F. Supp. 2d 1344, 1347 (M.D. Fla. 2007)).

The rejection of the *Zippo* sliding scale framework is consistent with the Supreme Court's guidance regarding specific jurisdiction. The contacts required for specific jurisdiction "must come about by *an action of the defendant purposefully directed toward the forum State.*" *Asahi*, 480 U.S. at 112 (emphasis in original) (noting that examples of purposeful direction toward the forum state include "designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State," but that mere "awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State").

The Whitepages Defendants have not purposefully directed activities related to the accused Whitepages ID app at Florida, and therefore the exercise of specific jurisdiction over them violates both the Florida long-arm statute and constitutional requirements of Due Process.

### B. The Court Should Dismiss Greenflight's Complaint Against the Whitepages Defendants for Improper Venue

Independent of the jurisdictional defects, the Court should dismiss this action for improper venue. Venue for civil actions alleging patent infringement is controlled by 28 U.S.C. § 1400(b), which provides that such actions "may be brought in the judicial district where the

defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." The Supreme Court explained that "residency" of a corporation for purposes of Section 1400(b) "mean[s] the state of incorporation only." *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 226 (1957). As neither of the Whitepages Defendants reside in Florida, nor have they committed acts of infringement or had a regular and established place of business in Florida, venue is improper, and the Complaint against the Whitepages Defendants should be dismissed under Federal Rule of Civil Procedure 12(b)(3).

Venue is improper under the first prong of § 1400(b) because Whitepages is a Delaware corporation headquartered in Seattle, Washington. Greenflight also admits that Mr. Algard resides in Seattle, Washington. Dkt. 1 ¶¶ 2, 4. Accordingly, neither resides in the Southern District of Florida. *See Fourco Glass*, 353 U.S. at 226.

Venue also fails under the second prong. When a defendant does not reside in the target district, venue is proper under 28 U.S.C. § 1400(b) in a district where that defendant 1) "has committed acts of infringement" and 2) "has a regular and established place of business." Here, venue fails on both fronts. Neither Whitepages nor Mr. Algard have a "regular and established place of business" in Florida. Algard Decl. ¶¶ 3–4, 18–19. Nor have they committed acts of infringement here, as addressed above. Accordingly, neither provision of 28 U.S.C. § 1400(b) is met.

Prior to the enactment of the America Invents Act ("AIA"), venue analysis included the evaluation of residency for corporate defendants in conjunction with the general corporation venue statute, 28 U.S.C. § 1391(c). [6] *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d

---

[6] The Federal Circuit is currently addressing the issue of whether the AIA eliminated 28 U.S.C. § 1391 as a grounds for venue in patent cases. *See In re: TC Heartland, LLC*, Appeal No. 16-105, scheduled for oral argument March 11, 2016. The Whitepages Defendants believe that the

13

1574, 1583 (Fed. Cir. 1990).  Under that provision, "venue in a patent infringement case includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced."  *Id.*  As discussed in Section III.A. above, there is no personal jurisdiction over Whitepages in this district.  Therefore, even under the pre-AIA framework, venue is lacking in this District.

Given that venue is improper under § 1400(b), as well as the pre-AIA framework including § 1391, the Court should dismiss Greenflight's Complaint against the Whitepages Defendants for improper venue

### C. Alternative Motion to Transfer to California under the First-to File Rule

The Whitepages Defendants also move this Court to transfer this action to the Northern District of California pursuant to the first-to-file rule.  "The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions."  *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012).  When two related actions with allegations regarding infringement of the same patent have been filed in different courts, resolution of which forum takes precedence is governed by Federal Circuit law.  *See Futurewei Techs., Inc. v. Acadia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013).[7]  The first-to-file rule is applicable where the two actions "involve common

---

AIA terminated § 1391 as a grounds for venue in patent cases, but even if it did not, venue under § 1391 is lacking for the same reasons stated above with respect to personal jurisdiction.

[7] The Eleventh Circuit also follows the first-to-file rule.  *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("[W]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed under the first-filed rule.  We are no exception." (internal citation omitted)).

parties and issues." *Global Innovation Tech. Holdings, LLC v. Acer Am. Corp.*, 634 F. Supp. 2d 1346, 1348–49 (S.D. Fla. 2009).

Under the first-to-file rule, the forum of the first-filed action is favored, "whether or not it is a declaratory judgment action." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993); *see id.* at 938 (noting that "the rule favoring the right of the first litigant to choose the forum, absent countervailing interests of justice or convenience, is supported by [reasons] just as valid when applied to the situation where one suit precedes the other by a day as they are in a case where a year intervenes between the suits" (internal quotation marks and citation omitted)). In the absence of extraordinary circumstances, the first-to-file rule should be applied. *Manuel*, 430 F.3d at 1135 ("[W]e require that the party objecting to jurisdiction in the first-filed forum carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule."). When the first-to-file rule applies, "a district court may choose to stay, transfer, or dismiss a duplicative later-filed action." *Merial*, 681 F.3d 1299.

The first-to-file rule applies here. The California Action was filed before the instant action. There is no question as to the timeline in this case. Whitepages filed suit for declaratory judgment of non-infringement of the '698 patent in the Northern District of California on January 11, 2016. Kohm Decl. ¶ 5, Ex. 3. Three days later, Greenflight filed the instant action, alleging infringement of the '698 patent, and naming Whitepages as a defendant. Dkt. 1. The California Action is thus the first-filed case. *See Strother v. Hylas Yachts, Inc.*, No. 12-80283, 2012 U.S. Dist. LEXIS 141692, at *4 (S.D. Fla. Oct. 1, 2012) (concluding that a suit in Massachusetts filed 58 minutes earlier was "the first-filed suit and [was] therefore entitled to a strong presumption favoring that forum"). Both actions involve common issues—alleged infringement of the '698 patent—as well as common parties, Whitepages and Greenflight.

15

Accordingly, they should be heard in the district where the first suit was filed. *Manuel*, 430 F.3d at 1135.

Given that the first-to-file rule applies, the court in which the dispute was first filed—here, the Northern District of California—must be given the opportunity to determine where the case will proceed. *See Elecs. For Imaging*, 394 F.3d at 1345 (indicating that the first-to-file rule involves a determination by the first-filed court of "whether to accept or decline jurisdiction in an action for a declaration of patent rights *in view of a later-filed suit* for patent infringement" (emphasis added)). Accordingly, if the Complaint is not dismissed for lack of personal jurisdiction or improper venue, the Whitepages Defendants request that the action be transferred to the Northern District of California pursuant to the first-to-file rule.

## IV.  CONCLUSION

For the reasons stated above, this Court lacks personal jurisdiction over both Whitepages and Mr. Algard, and venue is improper as to both defendants. Accordingly, Greenflight's Complaint should be dismissed as to the Whitepages Defendants. In the alternative, as there is an earlier-filed action in the Northern District of California regarding Greenflight's allegations that Whitepages infringes the patent-in-suit, this case should be transferred to the Northern District of California as to the Whitepages Defendants under the first-to-file rule.

## REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b), Defendants Whitepages, Inc. and Alex Algard hereby request that the Court conduct a hearing on this Motion to Dismiss or Transfer Venue for Lack of Personal Jurisdiction, Improper Venue, and Pursuant to the First-to-File Rule ("Motion to Dismiss"). A hearing on the Motion to Dismiss will benefit the Court and the parties by permitting the parties to answer questions regarding jurisdiction. Defendants Whitepages, Inc.

and Alex Algard respectfully believe that a half hour should be sufficient for the hearing on the Motion to Dismiss.

Dated: Feburary 16, 2016

Respectfully submitted,

By: /s/Joshua Spector
Joshua Spector, Esq. (0584142)
jspector@pbyalaw.com
Paul Turner, Esq. (72750)
pturner@pbyalaw.com
Joey M. Lampert, Esq. (72570)
jlampert@pbyalaw.com
PERLMAN, BAJANDAS, YEVOLI & ALBRIGHT, P.L.
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
Telephone: (305) 377-0086
Facsimile: (305) 377-0781
*Attorneys for Defendants Whitepages, Inc. and Alex Algard*

## CERTIFICATE OF SERVICE

The undersigned certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on February 16, 2016, per Local Rule 5.2(a).

By: /s/Joshua Spector